IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| VERA JANE DANIELS, | ) | |
| Lansing, Kansas  66043, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CELESTE NICOLE HOINS, | ) | |
| Lansing, Kansas  66043, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-2540 |
| | ) | |
| LANSING UNIFIED SCHOOL DISTRICT | ) | JURY TRIAL DEMANDED |
| U.S.D. No. 469, | ) | |
| 200 East Mary Street | ) | |
| Lansing, Kansas  66043, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARTY KOBZA, Superintendent, | ) | |
| U.S.D. No. 469, | ) | |
| In his Official and Individual Capacities, | ) | |
| 200 East Mary Street | ) | |
| Lansing, Kansas  66043, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JEFF BOLLIN, President, | ) | |
| Board of Education, | ) | |
| In his Official and Individual Capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMY CAWVEY, | ) | |
| Member, U.S.D. No. 469 Board of Education, | ) | |
| In her Official and Individual Capacities, | ) | |
| | ) | |
| MICHELLE McQUILLAN, | ) | |
| Member, U.S.D. No. 469 Board of Education, | ) | |
| In her Official and Individual Capacities, | ) | |

|  |  |
|---|---|
| PETE ROBINSON | ) |
| In his Official and Individual Capacities, | ) |
| Member, U.S.D. No. 469 Board of Education, | ) |
|  | ) |
| CARLA WIEGERS, | ) |
| Member, U.S.D. No. 469 Board of Education, | ) |
| In her Official and Individual Capacities, | ) |
|  | ) |
| MARY WOOD, | ) |
| Member, U.S.D. No. 469 Board of Education, | ) |
| In her Official and Individual Capacities, | ) |
|  | ) |
| AARON YOAKAM, | ) |
| In his Official and Individual Capacities, | ) |
| Member, U.S.D. No. 469 Board of Education, | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiffs Vera Jane Daniels and Celeste Nicole Hoins by their counsel, and for their causes of action against Defendants, state and allege as follows:

### DEMAND FOR JURY TRIAL

1. Plaintiffs demand a jury trial for all issues raised herein.

### DESIGNATION OF PLACE OF TRIAL

2. Plaintiffs hereby designate Kansas City, Kansas as the place of trial.

### PARTIES

3. Plaintiff Vera Jane Daniels is a natural person and resident of Lansing, Leavenworth County, Kansas.

4. Plaintiff Celeste Nicole Hoins is a natural person and resident of Lansing, Leavenworth County, Kansas.

5. Defendant Lansing Unified School District #469 ("U.S.D. 469" or "the District") is an accredited school district in Lansing, Leavenworth County, Kansas. On information and belief U.S.D. 469 receives federal financial assistance.

6. Defendant Marty Kobsa is the Superintendent of Schools for U.S.D. No. 469. He is sued in his Official and Individual Capacities.

7. Defendant Jeff Bollin is a member of and President of the School Board of U.S.D. 469. He is sued in his Official and Individual Capacities.

8. Defendants Amy Cawvey, Michelle McQuillan, Pete Robinson, Carla Wiegers, Mary Wood, and Aaron Yoakum are members of the U.S.D. 469 School Board ("the Board"). They are sued in their Official and Individual Capacities.

9. At all times relevant to this Complaint, Defendants were all acting or failing to act under, and their conduct was engaged in, the color of state law.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1331.

11. This Court has jurisdiction over Defendants because the unlawful acts alleged in this Complaint took place in Leavenworth County, Kansas, which lies within the District of Kansas.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or acts or omissions giving rise to Plaintiffs' claims occurred in Leavenworth County, Kansas which lies within the District of Kansas and because Defendants act and perform their duties and responsibilities within the District of Kansas.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

13. Plaintiff Vera Jane Daniels was at all times relevant certified and licensed by the State of Kansas to teach in the public schools of Kansas. Daniels was named by U.S.D. 469 the Secondary Teacher of the Year for the 2019-2020 school year. She retired from full time teaching in June 2021.

14. Plaintiff Daniels was approved for the roster of substitute teachers for Defendant Lansing Unified School District #469 and began substitute teaching in that District in September 2022.

15. At all times until August 14, 2023 Plaintiff Daniels remained in good standing on the substitute teachers list of U.S.D. 469 and was asked by agents of U.S.D. 469 to serve as a substitute teacher on virtually every day that she was available to substitute teach.

16. Plaintiff Daniels performed her duties in an exemplary manner and was frequently requested to substitute repeatedly by teachers and administrators for whom she had previously served as a substitute teacher. No negative evaluations of her performance as a substitute teacher are known to exist.

17. Plaintiff Hoins was approved and licensed to substitute teach in the State of Kansas in 2017 and she substitute taught intermittently thereafter for a period of years. In October 2022 Plaintiff Hoins renewed her Kansas license to substitute teach and began accepting requests to substitute in U.S.D. 469 beginning in January 2023. She also was in good standing on the U.S.D. 469 substitute teachers list.

18. Plaintiff Hoins performed her duties in an exemplary manner and was frequently requested to substitute repeatedly by teachers and administrators for whom she had previously served as a substitute teacher. No negative evaluations of her performance as a

4

substitute teacher are known to exist.

19. Defendants maintained and offered to the public opportunities to speak publicly to the Lansing U.S.D. 469 school board at a public free speech forum.

20. Before each school board meeting Defendants provided to the public two minutes to speak at an "open mic" forum provided only that members of the public wishing to publicly address the school board were required to pre-register to participate.

21. Plaintiffs Daniels and Hoins each registered for and were permitted to speak publicly to the U.S.D. 469 school board on at least four occasions in 2023. The topics about which they spoke included taxes or mill rates, district salaries, facilities maintenance, meeting state educational standards, surveys of students, and other educational topics all of which were of general public interest, of public concern, and of interest to the community.

22. On some occasions in 2023, including on August 14, 2023, Plaintiffs Daniels and Hoins spoke at the public open mic forums warning of adverse educational consequences of the so-called "Parents' Bill of Rights"; the lack of transparency when private emails are used by school district officials or employees; censorship; and, the need for the school district to help non-white students feel welcome in U.S.D. 469 schools.

23. When speaking at the Defendants' open mic public forum, Plaintiffs were always civil and their remarks caused no disturbances, disruptions, or any physical or verbal reactions.

24. The subjects of the remarks of Plaintiffs at the Defendants' public forum were about matters of public concern, did not involve their own official duties as substitute teachers, consisted of topics of traditional free expression, were in the nature of petitioning

the school district government for redress of grievances, and did not interfere with the effective and efficient administration of U.S.D. 469.

25.  Following the public open mic two-minute speeches of Plaintiffs to the U.S.D. 469 school board on August 14, 2023, the Board met in executive session and removed Plaintiffs from the Defendants' list of approved substitutes.  Plaintiffs were terminated from their employment with U.S.D. 469 by Defendants because of the content of their speech at the public fora of the District.  But for the content of their speech Plaintiffs would not have been terminated from their employment as substitute teachers with U.S.D. 469.

26.  As a result of the actions of Defendants and the termination of Plaintiffs' employment as substitute teachers with the District, Plaintiffs have lost earnings and experienced embarrassment, humiliation, inconvenience, emotional and psychological distress, and will continue to experience in the future the loss of income and the emotional distresses occasioned by Defendants.

**CAUSE OF ACTION: FREE SPEECH VIOLATIONS OF THE FIRST
AND FOURTEENTH AMENDMENTS
42 U.S.C. § 1983
All Defendants**

27.  Plaintiffs reallege and incorporate each and every allegation of the preceding paragraphs of this Complaint as if fully set forth here.

28.  Plaintiffs' speech was not made pursuant to their official duties in that they were classroom substitute teachers and not decision makers in a position to make policy decisions with respect to the topics about which they spoke, *i.e.*, taxes or mill rates; district salaries; facilities maintenance; meeting state educational standards; surveys of students; perceived adverse educational consequences of implementing a so-called "Parents' Bill of Rights"; lack

of transparency when school officials or employees used private email; censorship; and the need for the District to help non-white students feel welcome in U.S.D. 469 schools. *See supra* at ¶¶ 21, 22.

29. Plaintiffs' speech was on matters of public concern in that the topics about which they spoke related to issues that were fairly considered as relating to matters of educational, social, political, and fiscal concern to the community, and were subjects of general interest and value to the public. *See supra* at ¶¶ 21, 22.

30. The District's interests, as employer, in promoting the efficiency of the public service of providing an education to students in the District are insufficient to outweigh the free speech interests of Plaintiffs as citizens, residents of the District, and taxpayers in the District. Plaintiffs' speech did not impair discipline by superiors or harmony among coworkers, did not have a detrimental impact on working relationships for which loyalty and confidence are necessary, and did not interfere with the regular and efficient operation of schools.

31. Plaintiffs' protected speech was a motivating factor in the adverse employment action because until they spoke at the open mic fora at school board meetings:

    (a)  they were considered to be – and were – qualified, licensed, and certified to be employed as substitute teachers (*see supra* at ¶¶ 13, 17);

    (b)  were in good standing as substitute teachers (*see supra* at ¶¶ 13, 17);

    (c)  performed their duties as substitute teachers in an exemplary manner (*see supra* at ¶¶ 16, 18);

    (d)  were frequently asked to substitute repeatedly by teachers and

administrators for whom they had previously substituted (*see supra* at ¶¶ 16, 18); and,

(e)  no known negative evaluations of the performance of either plaintiff are known to exist (*see supra* at ¶¶ 16, 18).

It was not until Plaintiffs had spoken to the U.S.D. 469 school board on at least four occasions in 2023 about the topics referenced, *supra* at ¶¶ 21-22, 28-29, that they were removed from the U.S.D. 469 list of approved substitutes and terminated from their employment.  Indeed, their removal and termination occurred when the school board met in executive session that occurred in the same August 14, 2023 meeting during which Plaintiffs spoke about some or all of the topics listed, *supra* at ¶ 22 (and after their prior open mic speech).

32.  Given their qualifications and exemplary performance, *supra* at 31, Defendants would not have reached the same employment decision in the absence of Plaintiffs' protected speech.  In other words, as alleged, *supra* at ¶ 25, but for the content of their speech Plaintiffs would not have been terminated from their employment with U.S.D. 469.

33.  As alleged, *supra* at ¶ 26, as a result of the actions of Defendants and their termination of Plaintiffs' employment as substitute teachers with the District, Plaintiffs have lost earnings and have experienced embarrassment, humiliation, inconvenience, emotional and psychological distress, and will continue to experience in the future the loss of income and the emotional distresses occasioned by Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court, after a trial by jury of their claims, enter judgment for Plaintiffs and against Defendants for their actual or nominal damages as

are proven at trial, for their costs, including attorney fees as provided by 42 U.S.C. § 1988, and expenses, and for any such further legal and equitable relief – including, but not limited to, reinstatement as substitute teachers for U.S.D. 469 – as the Court deems appropriate.

        Respectfully submitted,

        LAW OFFICE OF ARTHUR A. BENSON II

        By  s/ Arthur A. Benson II
        Arthur A. Benson II #21107
        4006 Central Avenue
        Kansas City, Missouri 64111
        (816) 531-6565
        abenson@bensonlaw.com

        Attorney for Plaintiff