IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VERA JANE DANIELS | ) |
| and | ) |
| CELESTE NICOLE HOINS | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:23-cv-02540-HLT-BGS |
| LANSING UNIFIED SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT U.S.D. 469

Defendant, Lansing Unified School District No. 469 ("the District"), answers Plaintiffs' Complaint as follows:

1. All allegations not expressly admitted herein are denied.

2. To the extent any response is required to ¶¶ 1 or 2, the District admits Plaintiff has demanded a jury trial and designated Kansas City, Kansas as the place for trial but denies that Plaintiffs have any viable or legitimate claims.

3. Defendants lack knowledge or information sufficient to admit or deny the allegations of ¶¶ 3 and 4 and for that reason deny the same.

4. Paragraphs 5, 6, 7, and 8 are admitted.

5. In response to ¶ 9, Defendant admits that all defendants were, at all relevant times, acting under color of state law. All other allegations of ¶ 9 are denied.

6. To the extent any response is required to ¶¶ 11 or 12, the District admits jurisdiction and venue are proper. All other allegations of ¶¶ 11 and 12 are denied.

{O0378664}

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 13 and for that reason denies the same.

8. In response to ¶ 14, Defendant admits Plaintiff Daniels was on the roster of approved substitute teachers for the District for the 2022-2023 school year.

9. In response to ¶ 15, Defendant admits Plaintiff Daniels remained in good standing on the substitute teacher list for the 2022-2023 school year. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of ¶ 14 and for that reason denies the same.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 16 and for that reason denies the same.

11. In response to ¶ 17, Defendant admits Plaintiff Hoins was added to the roster of approved substitute teachers for the District for the 2022-2023 school year in or around January 2023 and remained in good standing for the remainder of the 2022-2023 school year. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of ¶ 17 and for that reason denies the same.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 18 and for that reason denies the same.

13. Paragraph 19 is admitted.

14. In response to ¶ 20, Defendant admits that before each school board meeting, the District provided the public up to two minutes to speak at an "open mic" forum to address the school board.

15. In response to ¶ 21, Defendant admits Daniels and Hoins spoke at school board meetings on multiple occasions in 2023. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of ¶ 21 and for that reason denies the same.

16. In response to ¶ 22, Defendant admits that on August 14, 2023, both plaintiffs Daniels and Hoins spoke at the "open mic" portion of the school board meeting. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of ¶ 22 and for that reason denies the same.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 23 and for that reason denies the same.

18. Defendant responds that ¶ 24 is a legal conclusion that requires no response, and insofar as a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 24 and for that reason denies the same.

19. In response to ¶ 25, Defendant admits that the school board met in executive session on August 14, 2023, and admits further that plaintiffs Daniels and Hoins's names were not on the list of substitute teachers for the 2023-2024 school year that was approved by the board during the open meeting on August 14, 2023. All other allegations of ¶ 25 are denied.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 26 and for that reason denies the same.

## COUNT I: FREE SPEECH

21. In response to ¶ 27, Defendant incorporates its responses to the preceding paragraphs.

22. Defendant responds that ¶ 28 is a legal conclusion that requires no response, and insofar as a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 28 and for that reason denies the same.

23. Defendant responds that ¶ 29 is a legal conclusion that requires no response, and insofar as a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 29 and for that reason denies the same.

24. Defendant responds that ¶ 30 is a legal conclusion that requires no response, and insofar as a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 30 and for that reason denies the same.

25. Paragraph 31 and each of its subparts is denied.

26. Paragraph 32 is denied.

27. Defendant lacks knowledge or information sufficient to admit or deny the allegations of ¶ 33 and for that reason denies the same.

28. Plaintiff's Prayer for Relief is denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Defendant denies engaging in any wrongful or unlawful conduct whatsoever and further denies that Plaintiffs are entitled to any legal or equitable relief.

3. Any action taken by Defendants was not the result of unlawful or unconstitutional motives, was not retaliatory, and would have occurred based on legitimate, lawful, and independent reasons regardless of Plaintiff's protected conduct, if any.

4. Any action taken by Defendants was not a willful violation of the law.

5. Plaintiffs fail to state a *Monell* claim against this Defendant.

6. Defendant reserves the right to assert that Plaintiffs have failed to mitigate damages by failing to undertake reasonable efforts to obtain comparable subsequent employment, to the extent revealed through discovery.

7. Defendant denies that their conduct has caused Plaintiffs any damages, and denies causation, the nature, and extent of Plaintiffs' damages.

8. Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based upon the above and foregoing, Defendant respectfully prays to be henceforth dismissed, awarded costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

> Respectfully submitted,
>
> FISHER, PATTERSON, SAYLER & SMITH, LLP
>
> /s/Andrew D. Holder
> Andrew D. Holder                    KS #25456
> 9393 W. 110th St., Suite 300
> Overland Park, Kansas 66210
> (913) 339-6757; Fax: (913) 660-7919
> aholder@fpsslaw.com
> **ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I certify that on February 20, 2024, I electronically filed the foregoing with the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to:

Arthur A. Benson II
LAW OFFICE OF ARTHUR A. BENSON II
4006 Central Avenue
Kansas City, Missouri 64111
(816) 531-6565
abenson@bensonlaw.com
**ATTORNEY PLAINTIFF**

                /s/ Andrew D. Holder
                Andrew D. Holder, #25456